This is a suit for damages on an alleged breach of contract. Plaintiff is a Louisiana corporation, domiciled in New Orleans, Louisiana, and maintains a place of business at Moreauville, Avoyelles Parish, for buying green shallots and shallot seeds. Plaintiff's agent in charge at Moreauville is Tony Pizzoloto. Plaintiff alleged that on or about the 25th day of February, 1943 it, through its agent, entered into a verbal contract with defendant to sell 12,000 pounds of shallot seed, same to be delivered on or before June 1, 1943 and at the price of 3 cents per pound; that pursuant to said agreement it paid to defendant $75 as an advance payment on the seed.
Plaintiff also alleged that it had at all times been ready and willing to carry out its part of the contract, and demanded of defendant that he deliver the shallot seed as per contract, which he has refused to do and that on May 28, 1943, defendant advised its agent that he would not make the delivery. Plaintiff further alleged that it had contracted for a resale of the shallot seeds at a price of 15 cents per pound and because of defendant's failure to deliver in accordance with the contract, they have been unable to resell same and have sustained a loss of 12 cents per pound on the 12,000 pounds of seed, amounting to $1440. It prayed for judgment for the damages suffered.
In answer defendant denied there was ever a verbal contract between him and plaintiff for the sale of the shallot seed. He admits that he received $75 from plaintiff under the following circumstances:
That plaintiff's agent approached him in an effort to induce him to plant shallots, assuring him that he could secure a good price for same and offered to advance $75 for the purpose of planting said seeds; and that during this conversation plaintiff's agent stated that he would buy the entire crop when raised, but that no contract was entered into with plaintiff until March 16, 1943 when a written instrument purporting to be a contract between them was executed. He alleged that subsequently to that his attorney has advised him that the contract or instrument was a nudum pactum and not a legal contract in that it imposes no obligation on plaintiff to buy, although it did impose an obligation on defendant to sell. He alleged the $75 was a loan from plaintiff and that he has offered to repay it, but the offer was refused.
The lower Court awarded judgment for plaintiff as prayed for, finding that the only contract existing between plaintiff and defendant was a verbal one. Defendant is now prosecuting an appeal from that judgment.
The document upon which defendant relies was prepared by plaintiff in New Orleans, Louisiana, on its stationery and is as follows:
"Shallots Contract Entered March 16, 1943, Between: Vegetable Exchange of La., Inc., New Orleans, La., herein known as Party of the First Part, and Mr. R. Coco, herein known as Party of the Second Part.
"The Party of the Second Part hereby agrees to sell the Party of the First Part 12,000 pounds of Shallots Seed to be delivered by June 1, 1943 at the price of 3 cents per pound; shallots seed to be of good, sound, clean, dry quality and condition, must be of transplanted stock; crop to be transplanted no sooner than __________ or no later than __________ deliveries not to be made sooner than _________. *Page 764 
"The Party of the Second Part hereby further agrees to sell to Party of the First Part any and all of the shallots planted for this contract; to be used green for shipping purposes at a price to be agreed upon by both parties. If the agreement cannot be made between both parties with reference to shipping these shallots green, then the contract stands as is: to be harvested for seed.
"Signed: Vegetable Exchange of La., Inc.
"By Tony Pizzoloto J. Reginald Coco
"Witness:
"Roy Kemp "Charles Tassin."
And to support his contention that the above instrument is and was the only contract or purported contract he entered into with plaintiff, filed in evidence a letter written to him by plaintiff's attorneys one day before the delivery date fixed in said instrument wherein they demanded of him that he deliver the shallot seeds as agreed in said written instrument. The first paragraph of said letter is as follows: "By instrument dated March 16, 1943 you entered into a contract with the Vegetable Exchange of Louisiana, Inc., in the presence of Roy Kemp and Charles Tassin, whereby you agreed to sell, and said corporation agreed to purchase of you, 12,000 pounds of shallot seed at the stipulated price of 3 cents per pound."
There were only two witnesses used in the case, plaintiff's agent and defendant. Defendant testified that when he and plaintiff's agent were discussing the question of planting shallots and the agent agreed to buy what he raised, he demanded a written contract and was told by the agent that he would have to secure one from the office in New Orleans and would do so, and when he received it he would bring it over and they would sign it.
In answer to the following questions, plaintiff's agent testified, —
"Q. Didn't Reginald Coco ask you when you all were discussing this thing — 'Let's put that in writing' — and didn't you tell him — 'Well, I don't have my contracts here, they are in New Orleans. As soon as I can get them I will come over here'? A. I told him I didn't have no written agreements with me in my possession.
"Q. But that you would get it and bring it over and you all could sign it? A. That's right."
[1, 2] The above-stated testimony is conclusive of the fact that it was agreed at the time of the discussion of the contract that it was to be reduced to writing. The law is clear that where it is agreed by the parties to a contract that it will be reduced to writing, the contract is not complete until the written instrument is confected and executed. When this is done, the contents of the written instrument become the contract between the parties, notwithstanding a different agreement had been reached prior to the execution of the instrument, and the only grounds for altering are fraud or error, neither of which plaintiff is claiming in this suit.
[3] The instrument quoted above has all the earmarks of a contract and when the evidence quoted above shows so conclusively that it was at all times the intention of the contracting parties to reduce their agreement to writing in the form of a contract, we are forced to find that the quoted instrument is a contract between plaintiff and defendant, and if plaintiff is entitled to recover, it must be on the written contract.
Plaintiff's contention that the instrument was only an office memorandum cannot be taken seriously by us. In support of this contention, plaintiff cites the case of Flash, Preston Co. v. American Glucose Company, 38 La. Ann. 4, and the lower Court was of the opinion that decision is in point. It is our opinion that the cited case is not authority for finding the instrument quoted in the case at bar to be an office memorandum. The real facts in the case at bar are greatly dissimilar to those in the cited case. In that case, there was never an agreement to reduce the contract to writing and the memorandum made by plaintiff was not signed by it. There is nothing in the reported decision to indicate the memorandum was in contract form.
[4,5] Defendant contends that the $75 given to him by plaintiff's agent was a loan and since the written contract was executed at a later date and no mention made of the $75, it apparently was not considered a part of the contract by plaintiff. However, if it was given as an advance payment on the shallots, it could not affect the instrument as written. Plaintiff does not contend that it is entitled to recover under the written contract, which is clearly a nudum pactum, in that it binds the defendant to sell but does not bind plaintiff to buy. Plaintiff confected the instrument and saw fit not to bind or obligate itself to purchase defendant's *Page 765 
shallot seeds unless it was to its advantage to do so when they were delivered. Such a contract is not enforceable and is a nullity if either party thereto desires to so declare it, as the defendant has in this case.
The judgment of the lower Court in favor of plaintiff is erroneous and is now reversed and the demands of plaintiff are rejected, at its cost.